**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAVI KUMAR** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-6492** |
| | : | |
| **WARDEN J.L. JAMISON, JOHN E. RIFE, SECRETARY MARKWAYNE MULLIN, U.S. DEPARTMENT OF HOMELAND SECURITY** | : | |

## ORDER

**AND NOW**, this 3rd day of September 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for about two years and being detained during a routine check-in, Respondents' Opposition (ECF 5) declining to provide argument on whether it has a legal basis to oppose the release of the incarcerated man but instead asking us to continuing detaining him until they can transfer him to another Facility or based on progress in another case, considering the uncontested allegations regarding Petitioner's presence in our District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, and finding, as we already found and our colleagues in now hundreds of cases nationwide have found facing similar fact patterns, Respondents detain Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly,[1] and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by

Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner Ravi Kumar is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. Respondents shall **forthwith** release Ravi Kumar from federal government custody no later than **5:00 PM EST** on **September 3, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **9:30 AM EST** on **September 4, 2026**;

3. Respondents are temporarily enjoined from re-detaining Ravi Kumar until no earlier than **September 14, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Kumar with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4. Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Kumar from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Kumar is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Kumar from this District for emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Kumar; and,

5. The Clerk of Court **CLOSE** this case.

**KEARNEY, J.**

[1] The United States urges us to order Mr. Kumar remain in custody while they transfer him to another Facility for a bond hearing or alternatively hold Mr. Kumar for an undetermined amount of time while Judge Diamond rules on motions pending before him. ECF 5 at 1–2. As Respondents note, our Court of Appeals recently held Congress through 8 U.S.C. § 1225(b)(2)(A) did not authorize detention, without a bond hearing, of a noncitizen already in the United States who had earlier entered without inspection. *See Buele Morocho v. Warden Phila. FDC*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 at *5-7 (3d Cir. Aug. 28, 2026) (holding § 1225(b)(2)(A) applies only to "noncitizens at the border," not to noncitizens already residing in the United States).

We decline to order Mr. Kumar remain in custody while Respondents find a facility with space and time to give Mr. Kumar a bond hearing or wait for a decision from Judge Diamond on pending motions. The United States does not contest the facts asserted in Mr. Kumar's habeas petition. Mr. Kumar entered the United States in 2024. ECF 1 ¶ 19. Mr. Kumar established community in Upper Darby where he resides with his close family friend. *Id.* ¶¶ 1, 20. He maintains steady employment in the restaurant industry. *Id.* ¶ 21. Mr. Kumar complied with all conditions of his removal proceedings and immigration release. *Id.* ¶ 22.